IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00579-MR

| | |
|---|---|
| MICHAEL L. MONDS,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>FNU BENNET,  )<br>  )<br>  Defendant.  )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment. [Doc. 38].

## I. PROCEDURAL BACKGROUND

The Plaintiff Michael L. Monds ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 for the violation of his civil rights while incarcerated at the Lanesboro Correctional Institution ("Lanesboro").[1] [Doc. 1]. The Complaint, which Plaintiff submitted under penalty of perjury, asserted an Eighth Amendment claim against Lanesboro correctional officer FNU Bennet[2] in his individual and official capacities for allegedly using

---

[1] Lanesboro has since been converted to a women's prison and renamed Anson Correctional Institution. Plaintiff is currently housed at Scotland Correctional Institution in Laurinburg, North Carolina.

[2] Subsequent filings by Defendant reflect that his true full name is Garry Bennett. The

excessive force on Plaintiff. [Id.]. Plaintiff alleged as follows. On some unspecified date, Officer Bennett was being rough with Plaintiff as Bennett was attempting to remove Plaintiff's handcuffs through the "trap" in Plaintiff's cell. [Doc. 1 at 2]. Plaintiff, therefore, pulled his arms back into his cell. [Id.]. Officer Bennett then gave Plaintiff a direct order to put his hands back out through the trap to be uncuffed. [Id. at 2-3]. When Plaintiff put his hands back out through the trap, he "was getting his wrist all bent up so he pulled his wrists back in." [Id. at 3]. Officer Bennett then told Plaintiff that if Plaintiff did not put his arms back through the trap to be uncuffed, Officer Bennett would mace him. [Id.]. Plaintiff, therefore, put his hands back through the trap and Officer Bennett "went back to twist his wrist the defendant was yelling 'I'll brake [*sic*] your #Gxt arm'!" [Id.]. Plaintiff claims that these actions by Officer Bennett constituted excessive force. For injuries, Plaintiff alleged that he suffered tendon and nerve damage and has lost feeling in his arm. [Id.].

The Complaint survived this Court's initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A and Plaintiff was allowed to proceed with his excessive force claim. [Doc. 10]. On September 4, 2020, Defendant moved for summary judgment of Plaintiff's Complaint pursuant to Rule 56 of the

---

Court will direct the Clerk to update the docket in this matter accordingly.

2

Case 3:18-cv-00579-MR   Document 42   Filed 03/15/21   Page 2 of 12

Federal Rules of Civil Procedure. [Doc. 38]. Officer Bennett argues that he is entitled to summary judgment because he did not use excessive force on Plaintiff and because he has qualified immunity to the Plaintiff's claims. [See Doc. 38 at 1]. In support of his summary judgment motion, Defendant submitted a memorandum, his own Declaration, case law, a photograph of Plaintiff's wrist, Plaintiff's Offender Public Information, and Plaintiff's Prison Infractions. [Docs. 39, 40-1 through 40-5].

Thereafter, the Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 41]. The Plaintiff was specifically advised that he "may not rely upon mere allegations or denials of allegations in his pleadings to defeat a summary judgment motion." [Id. at 2]. Rather, he must support his assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulation (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." [Id. (citing Fed. R. Civ. P. 56(c)(1)(a))]. The Court further advised that:

> An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than fourteen (14) days from the date of this Order and must be filed in duplicate.

[Id. at 3-4 (citing Fed. R. Civ. P. 56(c)(4))]. Plaintiff has submitted nothing in response to Defendant's summary judgment motion. Because Plaintiff's Complaint was submitted under penalty of perjury, however, it is considered an affidavit for summary judgment purposes. See Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021) (holding the district court erred in failing to consider a prisoner plaintiff's verified, though superseded, complaints as affidavits on summary judgment). The Court will, therefore, consider its evidentiary value here. Id.

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at

248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007).

6

## III. FACTUAL BACKGROUND

The forecast of evidence, in the light most favorable to the non-movant, is as follows.[3]

At the relevant times, Officer Bennett was a correctional officer at Lanesboro. [Doc. 40-2 at ¶ 2: Bennett Dec.]. Before the day of the incident in this case, Plaintiff often made clear to Officer Bennett that Plaintiff was angry with Bennett because Bennett "always refused [Plaintiff's] repeated requests to pass items to other offenders or to give [Plaintiff] extra breakfast trays from other offenders." [Id. at ¶ 6].

On September 4, 2018, Officer Bennett escorted Plaintiff to his cell. [Id. at ¶ 4]. Once at Plaintiff's cell, Officer Bennett placed Plaintiff inside the cell and closed the cell door. [Id. at ¶ 5]. Plaintiff then placed his hands and wrists through the wicket door. [Id. at ¶ 5]. Plaintiff alleges that Officer Bennett was being "rough" with him, so Plaintiff pulled his arms back through the door. [Doc. 1 at 2]. Officer Bennett denies that he was rough with Plaintiff and testifies that, at this time, he grasped Plaintiff's handcuffs with his left hand, and, with his right hand, Bennett started to remove the handcuffs from Plaintiff's right hand. [Doc. 40-2 at ¶¶ 5, 7]. Both agree that, at that moment,

---

[3] The Court highlights the relevant factual discrepancies between the parties' accounts of the incident.

Plaintiff pulled his hands from Bennett's grip and went further into his cell. [Id. at ¶ 5; Doc. 1 at 2]. Both also agree that Officer Bennett then gave Plaintiff a direct order to place his hands back through the wicket door. [Doc. 40-2 at ¶ 5; Doc. 1 at 2-3]. Plaintiff alleges that he complied with this order. [Doc. 1 at 3]. Officer Bennett testifies that Plaintiff refused the order. [Doc. 40-2 at ¶ 5]. In either case, Officer Bennett then removed pepper spray from his belt and/or warned Plaintiff that if he did not comply with the order, Bennett would mace Plaintiff. [Id.; Doc. 1 at 3]. After Officer Bennett removed the pepper spray, Plaintiff complied with the order without Bennett having to use it. [Doc. 40-2 at ¶ 5]. Officer Bennett then took hold of Plaintiff's handcuffs again using his left hand. [Doc. 40-2 at ¶ 5]. Finally, Officer Bennett was able to maintain control of the handcuffs. [Doc. 40-2 at ¶ 5]. Plaintiff alleges that Officer Bennett "went back to twist [Plaintiff's] wrist" and that his wrist suffered tendon and nerve damage as a result. [Doc. 1 at 3]. Officer Bennett testifies that he did not bend or twist Plaintiff's wrist or arm and held tightly to Plaintiff's handcuffs "for no purpose other than to maintain order." [Doc. 40-2 at ¶ 8]. Officer Bennett also testifies that Plaintiff's own actions in attempting to pull himself away from Bennett's grasp caused Plaintiff's injury. [Doc. 40-2 at ¶ 5]. A photograph of Plaintiff's wrist was taken within minutes of the incident. [Doc. 40-2 at ¶ 8]. The photograph shows

what appears to be a minor cut or abrasion to Plaintiff's wrist. [See Doc. 40-3]. Plaintiff submits no evidence reflecting the nature or severity of his injuries.

## IV. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component – that the harm inflicted was sufficiently serious – and a subjective component – that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

This subjective standard requires proof of malicious or sadistic action by a prison official in order to make out an excessive force claim. This is because prison "[o]fficials are entitled to use appropriate force to quell prison disturbances." Williams, 77 F.3d at 761. "Because officials must act 'in haste, under pressure, and frequently without the luxury of a second chance,' deliberate indifference is not a sufficiently rigorous standard." Id. (citing Whitley, 475 U.S. at 320). "Rather, in these circumstances, in order to make out an Eighth Amendment claim, a prisoner must demonstrate that officials

applied force maliciously and sadistically for the very purpose of causing harm." Id. (internal quotations and citation omitted).

Here, Plaintiff contends that Defendant violated his rights under the Eighth Amendment by using excessive force on Plaintiff. The forecast of evidence before the Court, however, leaves no genuine issue of material fact for trial. At most, in the light most favorable to Plaintiff, Plaintiff harbored animosity toward Officer Bennett and defied direct orders from Bennett to submit to removal of Plaintiff's handcuffs. Further, because of Plaintiff's defiance of Officer Bennett's orders, Bennett readied himself to engage pepper spray to restore discipline. Officer Bennett, however, used only that force necessary to restore discipline and to compel Plaintiff's compliance. Moreover, even if it is true that Officer Bennett twisted Plaintiff's wrist in attempting to remove the handcuffs, Plaintiff's refusal to follow orders and to repeatedly pull his arms away from Officer Bennett warranted Bennett's use of force in controlling Plaintiff. Furthermore, the injury of Plaintiff's wrist depicted in the photographs taken just minutes after the incident is minor and does not support that excessive force was used. While severity of injury is not determinative of an excessive force claim, see Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010), Plaintiff submits no evidence of the nature or severity of his injury. He relies only on his bare assertion of tendon and

nerve damage, which is directly contradicted by the photographic evidence. See Scott, 550 U.S. at 380. In sum, the forecast of evidence shows that Officer Bennett acted reasonably under the circumstances, exercising only that minimal amount of force necessary to restore order and discipline. See Williams, 77 F.3d at 761. The forecast of evidence is insufficient to show that Officer Bennett acted "maliciously and sadistically for the very purpose of causing harm." See Whitley, 475 U.S. at 320-21.

Officer Bennett also argues that he is entitled to qualified immunity. "Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

Here, because Plaintiff has not forecasted evidence that Officer Bennett violated a constitutional right, Officer Bennett is entitled to qualified immunity on Plaintiff's individual capacity claim.

The Court will, therefore, grant Defendant's Motion for Summary Judgment.

**VI. CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is granted.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment [Doc. 38] is **GRANTED**.

The Clerk is instructed to update the docket in this matter to reflect FNU Bennet's true full name, Garry Bennett.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge